UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61386-CIV-COHN/SELTZER

OWEN HARTY,

        Plaintiff,

v.

YDB THREE LAKES, L.C.,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant YDB Three Lakes, L.C.'s Motion to Transfer and Dismiss and for Determination of Enforcement of Stipulation of Settlement of ADA Claim [DE 19]. The Court has considered the Motion, Plaintiff's Opposition [DE 26], the record in this case, and is otherwise advised in the premises.

This is an action for injunctive relief, attorney's fees, litigation expenses and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and Florida Accessability Code ("FAC"). Defendant moved to transfer this case, or in the alternative, for this Court to dismiss the Complaint on the merits. For the reasons discussed below, Defendant's Motion will be denied.

Defendant argues that this action is (1) "based on substantially similar violations of 42 U.S.C. § 12182 at the subject premises," and (2) requests "substantially similar injunctive relief and attorney's fees and costs" as the case <u>Access Network v. YDB Three Lakes, L.C.</u>, 00-cv-07843-NCR. DE 19 at 2. The <u>Access Network</u> case was ultimately settled and dismissed with prejudice pursuant to the parties' agreement. <u>See</u>

id. 19 at 2. Defendant requests that the case be "transferred for interpretation of the Settlement Agreement by the proper Judge retaining jurisdiction . . . ." Id. at 3.

Defendant's request will be denied. First, the Access Network case was presided over by the Honorable Judge Norman C. Roettger, Jr., who has since passed away. A review of the docket reveals that the matter was never reassigned. Second, the Access Network case was not a class action. The settlement agreement is binding on the parties to that action "and their respective successor and/or assigns." See Ex. B to DE 19 ¶ 6. Further, the release contained in the Access Network settlement agreement, on its own terms, applies only to the plaintiffs to that action. See id. ¶ 8 ("Plaintiffs hereby release and discharge Defendant . . . from any and all claims and causes of action which it has had or may claim to have had arising under the [ADA].").

Accordingly, Defendant has failed to demonstrate that the settlement agreement reached in Access Network is binding on the Plaintiff in this action, Owen Harty. See Wilson v. Broward County, 2007 WL 2900388, at *2 (S.D. Fla. Sept. 28, 2007) ("Nothing in the Settlement Agreement leads the Court to conclude, as a matter of law, that Plaintiff has released Defendant from liability for claims asserted in this lawsuit. On its face, the release only applies to claims asserted in case no. 04-61068-CIV-MARRA.") (emphasis in original).

The Motion next takes issue with the merits of the Complaint. See DE 19 at 4-8. Defendant argues that "Plaintiff here has plead no facts that support an ADA claim for discrimination, specifically lacking any facts supporting a causal connection from alleged violations to his alleged disability." Id. at 4.

To demonstrate standing in federal court under Article III of the ADA, a plaintiff

must show: (1) that he has suffered an injury in fact that is concrete and particularized and actual and imminent; (2) the injury is fairly traceable to the challenged activity of the defendant; and (3) it is likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). In addition, a plaintiff in an ADA action must establish the following elements to state a claim: "(1) that [he] is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied [him] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant; (4) on the basis of [his] disability." Schiavo ex rel. Schindler v. Schiavo, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005) (citing Larsen v. Carnival Corp., Inc., 242 F. Supp. 2d 1333, 1342 (S.D. Fla. 2003)).

The Complaint alleges that the "Plaintiff is bound to ambulate in a wheelchair." DE 1 ¶ 1. Plaintiff also alleges that he "has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public . . . ." Id. ¶ 5. The Complaint further alleges that "Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public." Id. The Complaint then sets forth a number of alleged ADA violations by Defendant's property. See id. ¶ 10. These allegations are sufficient to survive a motion to dismiss and the arguments contained in Defendant's Motion to Dismiss are more appropriate at the summary judgment stage.

Defendant also argues that this action is an example of "shot gun" litigation because "[t]his case is one of a number of claims that Plaintiff has filed against

3

businesses and landlords by filing virtually the identical Complaint and allegations." DE 19 at 8. In addition, the Motion asserts that this "case is one of a number of claims that Plaintiff has filed against businesses and landlords by filing virtually the identical Complaint and allegations." DE 19 at 8. According to Defendant, "[i]t is clear that Plaintiff's purpose in bringing this claim is to cause as many attorney's fees as possible . . . ." Id. at 9. Whatever issues Defendant may have with the structure of the ADA or Plaintiff's supposed motives, they do not provide this Court with a basis to dismiss a complaint that otherwise meets the requirements of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant YDB Three Lakes, L.C.'s Motion to Transfer and Dismiss and for Determination of Enforcement of Stipulation of Settlement of ADA Claim [DE 19] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 2ND day of February, 2010.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of record