# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 09-CV-61386-JIC

| | |
|---|---|
| OWEN HARTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| YDB THREE LAKES, L.C., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

### DEFENDANT'S, YDB THREE LAKES, L.C., REPLY MEMORANDUM TO OPPOSITION TO MOTION TO AMEND SCHEDULING ORDER AND FOR CONTINUANCE

Defendant, YDB THREE LAKES, L.C. ("Defendant" or "YDB"), by and through its undersigned counsel, files this Reply Memorandum to Plaintiff's Opposition to YDB's Motion to Amend Scheduling Order and for Continuance. In reply thereto, YDB replies as follows:

### REPLY MEMORANDUM

1. Plaintiff offers no case law or memorandum of law in opposition to the motion. It is therefore improper.

2. Plaintiff's opposition simply attempts to paint a picture of deceit and delay by YDB and suggesting prejudice thereby, while forgetting the fact that: (i) YDB spent months trying to resolve this case; (ii) the parties had previously agreed on numerous occasions to extend dates for responses to discovery responses while the parties attempted to settle this case,

(iii) that on April 29, 2010, Plaintiff agreed to file a Joint Motion to Continue the Trial until September 1, 2010 or later (Exhibit "A"), (iii) that Plaintiff jointly submitted an Order to the Court granting the motion for enlargement of time [Doc. 54] requested by YDB to respond to discovery which did not grant the motion for sanctions and did not award any sanctions, attorneys' fees or other relief suggesting anything other than the fact that the YDB would be extended until May 14, 2010 to respond to the first interrogatories and first document request (they were timely responded to) and that it could inspect the shopping center upon 48 hours notice (which it did on May 7, 2010)[Doc. 57 signed by the Honorable James Cohn on April 29, 2010]; (iv) that the Plaintiff did not file an expert report until May 17, 2010 attached to its untimely Second Motion for Summary Judgment [Doc. 69]; and that the Plaintiff has not filed multiple pleadings and taken numerous actions that would not be permitted under the current scheduling order.

3.      One might question Plaintiff's current posturing and attempt to use all the hyperbole possible to demonize YDB.  The answer is clear - - this case has and always will be about one issue and that is money, not ADA compliance.   Plaintiff is doing everything in his power to besmirch YDB and make it look like a villain who has done nothing but take actions with the intent to fluster the good faith actions of the Plaintiff, or to ignore the deadlines of the Court are simply not warranted.  The emails and time lines do not lie.  They are attached as Exhibits "B" and "C".   Moreover, the suggestion that YDB has played fast and loose with discovery is completely undermined by the fact that Plaintiff (a) agreed to extend all such deadlines and (b) filed an Agreed Order on all pending discovery issues on April 29, 2010 that granted the motion for enlargement of time and did not provide a single sanction against YDB

for this alleged "willful ignorance" of every discovery deadline. If Plaintiff thought that to be true, then why did it agreed to that order. Moreover, its contention that the May 14, 2010 Order has been violated is not true and the contention that it failed to provide timely responses (page 5 of the response) is an outright lie. YDB has responded to the Second Motion for Sanctions that raises all these issues [Doc. 91]. YDB incorporates that response herein to reply to these arguments that are fully addressed in that pleading. It is attached hereto as Exhibit "D" without the exhibits.

4. In fact the majority of the response in opposition deals with the purported discovery issues, yet the fact is the alleged prejudice the Plaintiff claims would be cured by the granting of the instant motion. The fact is you cannot have it both ways. You cannot oppose a motion to amend a scheduling order which would permit Plaintiff's late filed expert reports and not allow the depositions to take place, and then say that YDB is in bad faith for seeking to preclude same.

5. Clearly despite these protestations, the fact is that YDB was trying to resolve this case, not delay it and it was not until April 17, 2010 that it morphed into a venomous vehicle for the Plaintiff to try to attack YDB for trying to do the right thing, which is resolve this matter in a fair and honest manner and address ADA issues to the extent they exist. On April 17, 2010, Plaintiff declared the Settlement Agreement void. Until that time YDB was prepared to resolve this case. The parties went to mediation, and YDB was still prepared to try to resolve this case. When it was clear that Plaintiff would not resolve this case based upon not surprising issues, and due to the fact that YDB wants to address these issues, YDB undertook to voluntarily address the

ADA issues as framed by the Complaint. How that is acting in bad faith in asking for this continuance is absurd.

6. Perhaps, bad faith could be the fact that since March 15, 2007, the Plaintiff has filed over 137 Title III claims in multiple states and jurisdictions including Florida, Nevada and North Carolina. Plaintiff filed this case on September 2, 2009, and then cases on September 3, 4, 8, 9, 14, and 18th, 2009. In October 2009, Plaintiff was equally busy filing suit November having event filed two lawsuits in two different states on the same day, November 16, 2009, and number of additional cases in December, January 2010, February 2010 and March 2010. In fact, he filed twice against YDB in September 2009 and dismissed that other case, *Owen Harty v. YDB Three Lakes, LC*, Case No.: 09-61420 CIV-HUCK/O'SULLIVAN on September 21, 2009. It appears from a cursory review of these cases that if even a borderline violation was discovered, suit was filed and that the majority of cases filed by Harty were resolved almost immediately with no disclosure of the attorneys' fees that were provided. One thing is clear however, no notice was provided to any of the Defendants, like YDB here. At least two courts have dismissed cases for lack of standing where the named plaintiff was a serial ADA litigant. See *Rodriguez v. Investco, LLC,* 305 F. Supp. 2d 1278 (M.D. Fla. 2004)(plaintiff involved in approximately 200 ADA cases); *Molski v. Mandarin Touch Rest.* 347 F. Supp.2d 860 (C.D. Cal. 2004)(plaintiff involved in more than 300 cases.).

7. Here, there are real issues, pending motions, the need for discovery and depositions due to the delay in many things, including the filing of the expert reports, etc.

Undersigned counsel provided the Court with scheduling conflicts.[1]  There are pending dispositive issues at hand.  It would be highly prejudicial to permit the expert reports and experts for Plaintiffs to provide opinions as of May 17, 2010, and yet not permit YDB to depose them, to allow YDB to have its expert issues a report to refute their report.[2]  Courts in this jurisdiction have even permitted a Plaintiff to amend a complaint during trial, and then cure any prejudice by granting a continuance.  *See  Ramjeanwan v. Bank of America Corporation*, No. 09-20963-CIV, 2010 WL 1882262 (S.D.Fla. May 11, 2010)(Exhibit "H").

8. This Court addressed the issues related to striking of witnesses, in this cases experts, and prejudice in  *Hewitt v. Quest Diagnostics, Inc.*, 2008 WL 5381410 * 1 (S.D. Fla. 2008)(Exhibit "I"). In *Hewitt*, five days after the close of discovery, the plaintiff disclosed two family members to testify regarding the plaintiff's pain and suffering damages. The plaintiff did not have a valid reason for the late disclosure. The defendant moved to strike the plaintiff's late disclosed witnesses. The court denied the motion to strike, and granted  a continuance in part to permit the depositions and discovery to be completed, and in part due to the conflicts with scheduling (such as expressed in this case).

---

[1] This Court just this past September continued a trial based upon scheduling conflicts, *BP Products North America, Inc. v. Super Stop #701, Inc*. Nos. 08-61301-CIV, 08-61389-CIV., 2009 WL 2852780 (S.D.Fla. Sept. 1, 2009), attached hereto as Exhibit "E".

[2] In *Fischer v. ARC Housing. LLC,* No. 04-61389-CIV, 2005 WL 5956614 (S.D. Fla. 2005), this Court granted a motion for continuance so that Defendant could depose the Plaintiff's expert.  Here, the same request made.  Under separate cover it is requested that the Court if this motion is denied for the continuance, that the Court strike the Plaintiff's expert and expert reports. Exhibit "F".  In *Kallas v. Carnival Corporation,* 2009 WL 88491, *2 (S.D. Fla. 2009), the Court denied a motion to strike an expert witness noting that the remedy sought was extreme and mooted by the fact the Court was continuing the trial date thereby giving the non-moving party the ability to have the expert witness.  Exhibit "G".  That is the same result that should happen in this case and is appropriate under the circumstances.

9. When boiled down to the truth and the hyperbole is removed from the situation the fact is that on April 29, 2010, the Plaintiff agreed to submit the following Joint Motion to Amend the Scheduling Order. See Exhibit "A".

10. In that regard, the Plaintiff agreed to the following:

- The parties submit that this Court set a final pretrial conference for no earlier than August 1, 2010.
- The parties submit that the Calendar Call in this cause be set no sooner than September 15, 2011, and that the submission of Voir Dire Questions and Objections to Deposition Designations be done on the day of the calendar call.
- The parties submit that motions in limine, the joint pretrial stipulation, and designations of deposition experts should be filed by September 1, 2010.
- The parties submit that a Trial date in this cause be set no sooner than September 30, 2010.[3]

11. Given the forgoing it is almost incredulous that the Plaintiff now articulates prejudice by the brief continuance requested here.

12. With that said, you cannot claim you do not want to continue a case or amend a scheduling order, when you agreed to do just that. Moreover, while opposing the motion, the Plaintiff has conveniently decided that it does not apply to him.

13. On May 17, 2010, Plaintiff filed its Second Motion for Summary Judgment (the response to which is due on June 10, 2010 after the schedule trial date). The Second Motion for Summary Judgment attached to it Expert Reports authored by Pablo Baez and Herbert Neff. Both the Second Motion for Summary Judgment and the Reports under the current scheduling order would be untimely. Yet, Plaintiff opposes an amendment that would make them timely filed. As the cases above note, the cure for this is a continuance. If not, the motion to preclude

---

[3] Plaintiff and YDB could not agree on certain requested amendments to the Order, and as a result YDB filed its own motion rather than submitting the Joint Motion proposed by the Plaintiff.

the experts must be granted. If it is not, the Defendant will be severely prejudiced. It should be noted that the Plaintiff has moved to preclude any defenses expert yet no defense expert could have rendered an opinion as no expert report was issued until May 17, 2010.

14. On May 15, 2010, Plaintiff files its First Motion in Limine seeking to preclude experts. On May 21, 2010, Plaintiff filed its Supplement to its Second Motion for Summary Judgment [Doc. 79]. On May 26, 2010, Plaintiff filed its Second Motion in Limine [Do. 85]. In effect, Plaintiff wants by rejecting this Motion, the Court to preclude Defendant from having an expert opine on a report that was not even provided to the Defendant until May 17, 2010. This Court then has a hobson's choice, does it permit the late filed expert report, yet refuse to permit YDB to confront it with its own expert and deny this motion, or does it not permit the late filed expert report and grant this motion. It cannot be anything other than that. It would be patently unfair and seemingly an abuse of discretion for the Court to permit the Plaintiff to proceed at trial with an experts and expert reports disclosed on May 17, 2010, yet not amend the scheduling order and permit YDB's expert to contradict same and for the depositions of Plaintiff's experts to be taken.

15. Of course, if the Plaintiff were to agree to the continuance and amendment of the scheduling order these issues would be resolved and the case could be tried on the merits with experts and reports.

16. Moreover, if the case is continued or stayed (as requested in another motion), the entire case may be moot, as all the ADA issues will be resolved. Clearly, this would be a favored approach in regards to judicial economy. The Southern District of Florida has addressed this very issue, and held that a plaintiffs' claim for injunctive relief under the ADA was moot because

the Defendant there performed the requested modifications, precisely as it has done in the present case. *See Access for the Disabled and Robert Cohen v. Brinker Florida, Inc.,* No. 02-60314 CIV-Martinez  (S.D. Fla. Jan. 14, 2003) (attached hereto as Exh. "J").  In *Brinker Florida,* Brinker:

• Performed all of the interior modifications at issue.
• Modified the exterior items that could be modified without City permits.
• Applied for all necessary permits to complete the remaining exterior modifications.
• Created the written policies that Plaintiff proposed to conform with the ADA.
*Id.* at slip op at 2. Since Brinker either had performed all the modifications or was waiting for City permits to do so, the Court held that it was unnecessary for the court to enjoin Brinker to do what it had already done or was doing. The district court expressly found:

> "[Brinker's actions] limit the actions the Court can take. The remedies requested by Plaintiff are, for the most part, completed or in the process of being completed. An order by the Court to remedy the situation can do nothing further than what [defendants] state they are already doing. *Any course of action by the Court will be repetitive and meaningless.*" *Id.* (emphasis added).

An identical result is warranted here. As in *Brinker Florida,* YDB has removed or is in the process of removing the allegedly discriminatory barriers at issue here. YDB has begun work and will have  addressed all of the ADA related issues raised by, framed by and limited by  the Complaint filed by the Plaintiff as determined to be needed by Mr. Goldfarb in the very near future.

17.     Simply put, you cannot yourself disregard the scheduling order and yet oppose a motion to amend it at the same time, which would in effect cure your own late filings.

18.     Rule 16 specifically provides that a pretrial scheduling order should be modified upon a showing of good cause.  To satisfy the "good cause" standard under Rule 16(b), a party

must reasonably show that it cannot meet a deadline despite its diligence. *See* Fed. R. Civ. P. 16(b) advisory committee notes (1983 amendments).  Here, there is good cause.  There is no way for the Defendant to have deposed or to have issued a rebuttal expert report until the Plaintiff's report was issued.  That report was issued on May 21, 2010.  It was therefore impossible for it to do so.  Moreover, since the report attempts to address all the ADA issues at the entire complex, the deposition now must be taken of the Plaintiff to determine what of these alleged violations in the report he experienced prior to filing the lawsuit.  *Brother v. CPL Investments, Inc.,* 317 F.Supp.2d 1358, 1368 (S.D. Fla. 2004) ("Plaintiffs do not have standing to complain about alleged barriers which are not related to their respective disabilities ... or which they were unaware of at the filing of their complaint (citations omitted).").  Given that the report was just issued after all deadlines had passed and lists each and every purported ADA violation at the entire shopping center, it would have been impossible for YDB to have complied with it. Second, given the unique circumstances in this case regarding settlement, the totality of the circumstances suggests that good cause exists.   Since good cause is shown, Rule Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend the party's pleading "by leave of court" and that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In construing Rule 15(a), the Supreme Court has held that there must be a substantial reason to deny amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  Here, YDB urges that leave to amend should be granted.

   19. A denial of a request for a continuance constitutes an abuse of discretion if it "severely prejudice[s]" the moving party. *See Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co.,* 423 F.2d 842, 844 (5th Cir.1970).  In this motion cases have been cited in which

continuances were granted (even by this Court) on less developed facts than these. Since the breakdown of April 17, 2010 , YDB has been diligent in its efforts to ready its case for trial although hampered by the scheduling order. If a continuance is granted, as more fully espoused above, it will remedy all the issues at play, including those argued by the Plaintiff. Granting the continuance will not inconvenience the court and in fact it may relieve the court as this case could be moot. As for the Plaintiff it will not prejudice the Plaintiff. The ADA violations are being addressed voluntarily by the Defendant with the supervision of David Goldfarb to the extent they exist and as framed by the pleadings.

20. It is clear true party opposing this is Plaintiff's counsel who fears the impact on his attorney's fees. That is not a prejudice to the Plaintiff. However, YDB will be extremely harmed and prejudiced if this case is not continued. These factors mitigate towards and powerfully suggest a continuance should be granted.

Respectfully submitted,

          Law Office of Aaron Resnick P.A.
          Attorneys for the Defendant

          By:__/s/:Aaron Resnick, Esq._____
             Aaron Resnick, Esq.
             Florida Bar No.: 141097
             235 Lincoln Road Suite 310
             Miami Beach, Florida 33139
             Telephone: (305) 672-7495
             Facsimile: (305) 672-7496
             E-mail: aresnick@thefirmmiami.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served via electronic filing system CM/ECF this Friday, May 28, 2010.

        By:__/s/:Aaron Resnick, Esq._____
        Aaron Resnick, Esq.
        Florida Bar No.: 141097