UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61386-CIV-COHN/SELTZER

OWEN HARTY,

    Plaintiff,

v.

YDB THREE LAKES, L.C.,

    Defendant.
_____/

## OMNIBUS ORDER REGARDING PENDING MOTIONS

**THIS CAUSE** is before the Court on a number of pending motions filed by the parties. The Court has reviewed the motions and the parties' related submissions, the record in this case and is otherwise advised in the premises.

### I. BACKGROUND

This is an action for injunctive relief, attorney's fees, litigation expenses and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and Florida Accessability Code ("FAC"). Defendant YDB Three Lakes, L.C. ("YDB") is the owner/landlord of the subject property named in the Complaint, that is the Three Lakes Plaza shopping center located in Tamarac, Florida.

On April 22, 2010, the parties appeared before the Court for a status conference. At the conference, the parties advised the Court that they spent considerable time attempting to negotiate a resolution to the case. In fact, the parties had agreed to the terms of the settlement and all that remained was the exchange of signature pages. Defendant, however, failed to deliver executed signature pages on time and therefore

Plaintiff withdrew the settlement offer stating that time was of the essence. Thereafter, it appears that counsel for the parties have been unable to agree on anything and have filed an endless parade of motions, most of which are based on similar premises and arguments.

Prior to calendar call, the Court issued an Order Requiring Parties to Meet and Confer Regarding Pending Motions [DE 96] which directed counsel to "engage in a good-faith effort to resolve as many issues as possible without Court intervention." DE 96 at 1. In response, counsel for the parties accomplished nothing. On June 1, 2010, the parties filed a Joint Status Report [DE 100] indicating that the attorneys "were unable to reach any agreement." DE 100 at 2. Indeed, the only result was that more motions would be filed. "In addition, there are several motions that have not been filed which the parties have been unable to agree upon." Id. at 2-3.

On June 2, 2010, counsel appeared for calender call. The Court continued the case for one month to allow the parties additional time to prepare for trial. Accordingly, trial was continued until the trial period commencing on July 6, 2010 and calendar call was reset for July 1, 2010.

Below the Court addresses the parties' arguments, which appear repeatedly in the mountain of paper filed in this case. In short, Plaintiff seeks to eliminate Defendant's ability to put on a case, thereby resulting in a decision in Plaintiff's favor on all issues. While Defendant seeks dismissal of this action based on a complete acceptance of Defendant's representation that it will make all necessary modifications to its property. The Court will deny substantially all of the parties' draconian, and often unrealistic, requests for relief.

## II. ANALYSIS

### 1. Plaintiff's Motions for Summary Judgment

Plaintiff has moved for summary judgment, twice, based on Defendant's failure to respond to discovery requests. On November 3, 2009, Plaintiff propounded Requests for Admissions upon Defendant. Plaintiff argues that "Defendant has failed to serve any response and has thereby admitted the requests set forth therein. Therefore, since there is no genuine issue of material fact as to the Defendant's liability, the Plaintiff is entitled to summary judgment as a matter of law." DE 30-1 at 1.

In response, Defendant filed a Motion for Leave to File Admissions Belated/To Withdraw or Amend Admissions and in Part in Response to the Motion for Partial Summary Judgment [DE 60]. Defendant argues that shortly after Plaintiff propounded its Requests for Admissions, "the parties began settlement negotiations and had numerous and multiple agreements to extend responses to all discovery, admissions, inspections, etc. while the parties attempted to resolve the case through settlement." DE 60 at 2. In addition, Defendant points out that its Answer and Affirmative Defenses [DE 34], filed on March 18, 2010, "largely denied the allegations that are mirrored in the request for admissions [and] alerted Plaintiff that Defendant disputed the matters contained in the request for admissions." DE 60 at 4. Defendant's Response attaches Defendant's Answers to Requests for Admissions [DE 60-1] and requests that the Court "deem them timely filed." DE 60 at 4.

A district court is "entitled to broad discretion in managing pretrial discovery matters." Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002). Pursuant

to Rule 36 of the Federal Rules of Civil Procedure, a party may withdraw or amend an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The first prong "emphasizes the importance of having the action resolved on the merits, . . . and is satisfied when upholding the admissions would practically eliminate any presentations of the merits of the case." Perez, 297 F.3d at 1266 (citations and internal quotation marks omitted). "Rule 36(b)'s two-part test is much more than merely hortatory; it 'emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation of trial will not operate to his prejudice.'" Id. at 1265 (quoting Smith v. First Nat'l Bank, 837 F.2d 1575, 1577-78 (11th Cir. 1988)).

Here, the Court finds that the two-part test is satisfied. Refusal to allow Defendant to file its Answers to Requests for Admissions would essentially eliminate any presentation of the merits of this case. Further, in light of Defendant's Answer and Affirmative Defenses and responses in opposition to several pending motions, Plaintiff has been aware of Defendant's position for a sufficient time before trial so that Plaintiff will not be prejudiced. Plaintiff made a conscious decision to walk away from the settlement negotiations. To be sure, Plaintiff had reasons for the decision, but the decision entailed that this case would need to be tried on the merits. Accordingly, the Court will allow Defendant to untimely file its Answers to Requests for Admissions [DE 60-1]. Therefore, Plaintiff's Motion for Summary Judgment [DE 30] and Second Motion for Summary Judgment [DE 69] will be denied.

## 2. Defendant's Motion to Dismiss and Defendant's Motion to Continue

Defendant represents that it has retained David Goldfarb, President of ADA Compliance Specialists, Inc., "to assist it in voluntarily making modifications to the shopping center, without admitting any liability in this case, to address all of the ADA related issues raised by, framed by and limited by the Complaint filed by the Plaintiff as determined to be needed by Mr. Goldfarb." DE 76 at 4. Defendant "believes it can make all necessary barrier modifications, without admitting any liability in this case, to address all of the ADA related issues raised by, framed by and limited by the Complaint filed by the Plaintiff as determined to be needed by Mr. Goldfarb" before the end of July 2010. Id. at 6.

Defendant contends that "[i]t is more reasonable and equitable that YDB spend its financial resources on improving access to its shopping center, which is the purported reason the Plaintiff filed the Complaint, rather than expend those resources for litigation." Id. Therefore, Defendant moved the Court to dismiss the action as moot or stay the litigation for two months to allow time for the modifications to be completed.

In the same document, Defendant also states the following:

> Defendant does not contest that the Plaintiff is a qualified individual with a disability. Defendant does, however, dispute that many of the alleged violations of the ADA's Accessibility Guidelines ("ADAAG") relate to the Plaintiff's disabilities. That is, the Plaintiff lacks standing to bring this action. Defendant also disputes that its shopping center violates any provision of the ADA or the ADAAG because it was constructed prior to the effective date of the ADA and because removal of architectural or communications barriers at the shopping center are neither readily achievable nor required of Defendant.

Id. at 4.

> Plaintiff opposes Defendant's motion as follows:
>
>> Defendant's claim that Plaintiff's case is now moot is entirely without merit. Defendant produces no evidence that it has fixed the premises. Indeed, Plaintiff's expert found the facility to be riddled with violations as of May 7, when the last inspection was performed. Nor does Defendant even assert that the ADA violations are remedied. Rather, two weeks before trial, Defendant now claims that it will fix them. Defendant's motions are replete with Defendant's statements of what it plans to do, what it intends to do, and what it will do. As a matter of law, Defendant's so-called plans to fix the premises are insufficient to moot an ADA lawsuit for non-compliance.

DE 81 at 2.

To determine mootness in a case where a defendant claims a voluntary cessation of ADA violations, the Eleventh Circuit has found that a district court should consider the following three factors:

> (1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability.

Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1184 (11th Cir. 2007). After considering these factors, a case is moot if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) (internal quotation marks omitted). "The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." Id. (internal quotation marks omitted). Defendant fails to meet this heavy burden.

Here, the challenged conduct is allegedly continuing violations of the ADA. In addition, Defendant's promises to make modifications to its facilities were motivated by

this litigation. Significantly, "voluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction." Nat'l Adver. Co. v. City of Miami, 402 F.3d 1329, 1333 (11th Cir. 2005) (per curiam). Finally, although Defendant repeatedly states that it does not admit any liability, it appears that the proposed modifications are to bring the premises into ADA compliance. The Court concludes that it is not "absolutely clear" that Defendant will take all necessary steps to achieve full ADA compliance without judicial intervention. Therefore, the Court will determine who is the "prevailing party" and deal with all issues regarding attorney's fees post-judgment.

Suffice to say at this point, this action is not moot. The parties disagree about issues such as, *inter alia*, what modifications are "readily achievable" and the Plaintiff's standing to litigate all barriers alleged in the Complaint. These issues will be dealt with by a bench trial. Moreover, given the time and resources both the Court and the Plaintiff have been required to devote to this action – it can hardly be said that Defendant has made, or will make, the requisite changes "voluntarily." Accordingly, Defendant's Urgent Motion to Find that Plaintiff's Claim is Moot and Dismiss this Action, or in the Alternative, to Stay Proceedings and/or Abate Proceedings is denied.

3.   **Plaintiff's Motions in Limine**

Plaintiff filed two motions in limine. Based on the ground of untimely disclosures, Plaintiff's First Motion in Limine [DE 68] "requests that all potential witnesses to be called by Defendant, fact or expert, be excluded from testifying in this action." DE 68 at 1. Plaintiff's motion was filed on May 15, 2010 when trial was scheduled to take place on

June 7, 2010. In light of the Pretrial Stipulations [DE 84], filed on May 26, 2010, and the Court's decision to continue the trial for a month, Plaintiff's First Motion in Limine [DE 68] is denied. Plaintiff will be afforded the opportunity to cross-examine Defendant's witnesses at a bench trial.

Plaintiff's Second Motion in Limine and to Strike [DE 85] seeks "that Defendant be precluded from submitting the testimony of any fact witness, any expert witness and that Defendant be prevented from producing any exhibit in support of its defenses." DE 85 at 6. For the same reasons stated in the paragraph above, Plaintiff's Second Motion in Limine and to Strike [DE 85] is denied.

### 4. Defendant's Motions in Limine

Defendant filed three motions in limine. Each of which will be addressed herein. The Court, however, will summarily deny Defendant's attempts to make summary judgment arguments in the guise of a motion in limine. For example, Defendant attacks Plaintiff's standing, see DE 72 at 19-30, and presents arguments regarding which modifications are "readily achievable." Id. at 30-31. These issues must be litigated and Plaintiff undoubtedly has relevant testimony to provide on these matters.

Defendant's First Motion in Limine [DE 72] seeks to preclude testimony from Plaintiff's expert, Pablo Baez. Defendant first argues that such testimony should be excluded due to untimely disclosure. Defendant argues that it has been prejudiced because it did not have the opportunity to depose Mr. Baez. As with Plaintiff's motions in limine, Defendant's request to bar testimony from Mr. Baez will be denied. The prejudice caused by any untimely disclosure was ameliorated by the Court's one-month continuance. Additionally, Defendant may cross-examine Mr. Baez at the bench trial.

Defendant also argues that Mr. Baez is unqualified and takes issue with his methodology and conclusions. Plaintiff counters as follows:

> Pablo Baez's resume is attached to his report. Mr. Baez has specialized in ADA compliance for several years. He has conducted several hundred inspections. He generated hundreds of R. 34 reports, complete with observations, ADAAGs and costs. He managed the company Access-Ability, Inc., for several years whereby he supervised ADA construction projects and sold ADA assistive devices, such as ramps, showers, virtually every item that assists disabled persons. He is more than fully qualified. Indeed, in Access 4 All, Inc. v. Absecon Hospitality Corp., D.N.J. Civ. Action No. 04-6060, DE 58 (D.N.J. 2007), Mr. Baez qualified as an expert and testified back in 2007.

DE 80 at 7. The Court finds that Mr. Baez is qualified and his expert report satisfies the applicable requirements. Defendant is free to raise arguments at trial which may impact the weight given to the conclusions of Mr. Baez, but the Court will not bar his testimony.

Defendant's Second Motion in Limine [DE 73] rehashes Defendant's arguments that Plaintiff's claims are moot and thus he is not entitled to attorney's fees. As discussed above, Plaintiff's claims are not moot and all issues regarding attorney's fees will be dealt with following the bench trial. Accordingly, Defendant's Second Motion in Limine [DE 73] is denied.

Defendant's Third Motion in Limine [DE 99] again asks this Court to dismiss this action. The Court will not. Defendant seeks to preclude any and all evidence regarding the issue of what modifications are "readily achievable." As discussed, the Court rejects Defendant's arguments regarding untimely disclosures. In addition, the Court declines Defendant's invitation to allow it to unilaterally determine what is "readily achievable." Therefore, Defendant's Third Motion in Limine [DE 99] is denied.

## III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment [DE 30] is **DENIED**.

2. Defendant's Motion for Leave to File Admissions Belated/To Withdraw or Amend Admissions and in Part in Response to the Motion for Partial Summary Judgment [DE 60] is **GRANTED**. Defendant's Admissions are hereby amended by Defendant's Answers to Requests for Admissions [DE 60-1].

3. Plaintiff's Second Motion for Summary Judgment [DE 69] is **DENIED**.

4. Defendant's Urgent Motion to Find that Plaintiff's Claim is Moot and Dismiss this Action, or in the Alternative, to Stay Proceedings and/or Abate Proceedings [DE 76] is **DENIED**.

5. Plaintiff's First Motion in Limine [DE 68] is **DENIED**.

6. Plaintiff's Second Motion in Limine and to Strike [DE 85] is **DENIED**.

7. Defendant's First Motion in Limine [DE 72] is **DENIED**.

8. Defendant's Second Motion in Limine [DE 73] is **DENIED**.

9. Defendant's Third Motion in Limine [DE 99] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30TH day of June, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF